UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVAN RATCLIFF, | Case No.: 2:21-cv-00298-APG-BNW |
| Plaintiff | **Order** |
| v. | |
| J. HOWELL, et al., | |
| Defendants | |

Plaintiff Evan Ratcliff is in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1. I will temporarily defer the matter of the filing fee. I now screen Ratcliff's civil rights complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). The court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

All or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

Ratcliff sues J. Howell and G. Piccinni for events that allegedly took place while he was incarcerated at Southern Desert Correctional Center (SDCC). ECF No. 1-1 at 1-2. He brings one count and seeks monetary damages and injunctive relief.

The complaint alleges the following: From October 23, 2019 to December 24, 2019, Ratcliff was placed in administrative segregation because a threat was made on his life. Although he was in administrative segregation and did nothing wrong, he was subjected to disciplinary segregation restrictions. An administrative regulation states that administrative

segregation is not to be used for the purposes of punishment. At SDCC, inmates on disciplinary segregation were not allowed contact visits as punishment for their institutional violations. Ratcliff was in administrative segregation and violated no institutional rules, but he was denied contact visits. He concludes that he was treated differently than other similarly situated Nevada "Ad-Seg inmates." Inmates on disciplinary segregation are restricted from ordering certain canteen items, such as food, appliances, and certain hygiene products. Even though Ratcliff was on administrative segregation, all disciplinary restrictions were placed on him. Some inmates who were on administrative segregation at SDCC were receiving certain canteen items. They obtained approval by writing a request kite to the defendants. Some inmates obtained the items without writing to the defendants. Ratcliff sought approval from the defendants to order items approved for inmates in administrative segregation, such as food, appliances, and hygiene items. His request was unanswered or denied. Ratcliff asserts that no rational or legitimate penological reason was given regarding why he was being treated differently from other administrative segregation inmates. While he was on administrative segregation, Ratcliff gave the defendants "chance after chance" to correct their "policies[1] and practices" via request kite and grievance, but they refused to do so and the violations continued. *Id.* at 6. Ratcliff concludes that his Fourteenth Amendment right to equal protection was violated.

In *Olech*, the Supreme Court of the United States explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated

---

[1] Ratcliff does allege what policies he is referring to. He does not state a claim based on policies.

4

differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one'").

For a "class-of-one" equal protection claim, the plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012). "Similarly situated" persons are those "who are in all relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).

Ratcliff states a colorable equal protection claim. Liberally construed, the complaint alleges facts that could be sufficient to show that inmates in administrative segregation at SDCC were similarly situated to him and that the defendants singled out Ratcliff for different treatment, allowing other administrative segregation inmates to have contact visits and order food, appliances, and hygiene items from the canteen but not allowing Ratcliff to do so. The complaint alleges that there was no rational basis for this different treatment. This is sufficient to state a colorable equal protection claim. Therefore, the equal protection claim will proceed.

## III. CONCLUSION

I therefore order that a decision on Ratcliff's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

I further order the Clerk of the Court to file the complaint (ECF No. 1-1) and send Ratcliff a courtesy copy of the complaint.

5

I further order that the Fourteenth Amendment equal protection claims will proceed.

I further order that given the nature of the claim that I have permitted to proceed, this action is stayed for 90 days to allow Ratcliff and the defendants an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the stay is lifted, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery. Nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered to do so. The court will refer this case to the Inmate Early Mediation Program, and a subsequent order will be entered. Regardless, within 90 days from the date of this order, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the court will then issue an order setting a date for the defendants to file an answer or other response. Following the filing of an answer, a scheduling order setting discovery and dispositive motion deadlines will be issued.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Ratcliff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

I further order that if the case does not settle, Ratcliff will be required to pay the full $350.00 filing fee. This fee cannot be waived and the fee cannot be refunded once the court grants Ratcliff's application to proceed *in forma pauperis*. If Ratcliff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account. 28 U.S.C.

§ 1915(b). If Ratcliff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

I further order that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" within 21 days of the date of this order. The responding party will have seven days to file a response. No reply will be filed.

I further order the Clerk of the Court to electronically serve a copy of this order and a copy of Ratcliff's complaint on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

I further order the Attorney General's Office to advise the court within 21 days of the date of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

Dated: August 5, 2021

_____
U.S. District Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVAN RATCLIFF,<br><br>　　　　　　　　　　　Plaintiff<br><br>　v.<br><br>J. HOWELL,<br><br>　　　　　　　　　　　Defendants | Case No. 2:21-cv-00298-APG-BNW<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF WILL NOT FILE THIS FORM.**

　　　On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

　　　____　A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.)

　　　____　A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

　　　____　No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_  None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_  The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_  The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_  The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_  None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____    _____
                         Print                                       Signature

Address: _____    Phone: _____

_____