UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVAN RATCLIFF,<br><br>                          Plaintiff,<br>v.<br><br>J. HOWELL et al.,<br><br>                          Defendants. | Case No. 2:21-cv-00298-ART-BNW<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 26] |

Plaintiff Evan Ratcliff, an inmate at Southern Desert Correctional Center (SDCC), brings this civil-rights action under 42 U.S.C. § 1983 to redress his subjection to disciplinary segregation restrictions after being placed in administrative segregation in violation of his Fourteenth Amendment due process rights. Before the Court is Defendants' Motion for Summary Judgment (ECF No. 26).

**I.   BACKGROUND**

Plaintiff alleges the following. From October 23, 2019, to December 24, 2019, SDCC kept Plaintiff in administrative segregation due to an alleged threat made on Plaintiff's life. (ECF No. 1-1 at 4.) During this period, the prison imposed all disciplinary segregation restrictions on Plaintiff even though he was never accused of any wrongdoing or found guilty of any offense. (*Id.*) These restrictions included, among other things, no contact visits, and constraints on ordering certain canteen items. (*Id.* at 4-5.) Some inmates on administrative segregation status at SDCC were able to receive these restricted canteen items by submitting kites or sometimes without even asking for permission. (*Id.* at 5.) Plaintiff sought

approval from Defendants for these items, but they either denied these requests or never responded, despite the lack of any legitimate penological reason for being treated from other administrative segregation inmates. (*Id.*) Plaintiff now brings a claim under the Fourteenth Amendment's equal protection clause to challenge this disparate treatment.

## II. LEGAL STANDARD

### a. Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting or disputing a fact "must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *Id.*

In determining summary judgment, courts apply a burden-shifting analysis. A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmovant bears the burden at trial, as is the case here, the movant can meet its burden by either (1) presenting evidence to negate an essential element of the nonparty's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case. See *id.* at 323-24. After the movant has met its burden, the

approval from Defendants for these items, but they either denied these requests or never responded, despite the lack of any legitimate penological reason for being treated from other administrative segregation inmates. (*Id.*) Plaintiff now brings a claim under the Fourteenth Amendment's equal protection clause to challenge this disparate treatment.

## II. LEGAL STANDARD

### a. Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting or disputing a fact "must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *Id.*

In determining summary judgment, courts apply a burden-shifting analysis. A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmovant bears the burden at trial, as is the case here, the movant can meet its burden by either (1) presenting evidence to negate an essential element of the nonparty's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case. See *id.* at 323-24. After the movant has met its burden, the

burden shifts to the nonmovant to come forward with specific facts showing a genuine issue of material fact remains for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although "[o]n summary judgment the inferences to be drawn from the underlying facts…must be viewed in the light most favorable to the party opposing the motion," *id.* (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)), the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586-87 (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. 242 at 252. In other words, the non-moving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Angel v. Seattle-First nat. Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)). Instead, to survive summary judgment, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing admissible evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. 317 at 324.

If the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, then the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson*, 477 U.S. 242 at 250. "If, as to any given material fact, evidence produced by the moving party… conflicts with evidence produced by the nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). If reasonable minds could differ on material facts, summary judgment is inappropriate because summary judgment's purpose is to avoid unnecessary trials only when the material facts are undisputed; if not, the case must proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995)

1  (citing *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir. 1991)).

## III. DISCUSSION

### a. Exhaustion

Plaintiff failed to properly exhaust the equal protection claim in this case. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court[.]" *Id.* at 88. Under NDOC's prison regulations, "[i]t is considered abuse of the inmate grievance procedure when an inmate files a grievance… [in which] [t]he claim or requested remedy changes or is modified from one level to another." A.R. 740.04(2)(F).

Here, Plaintiff failed to exhaust his claim because he changed the comparison group for his equal protection claim in Grievance 2006-30-91818. In his informal grievance, Plaintiff compared himself to general population inmates and administrative segregation inmates at other prisons. For instance, he stated that he was "not being allowed to engage in activities as other GP inmates or as other ad-seg inmates at other prisons such as ESP, HDSP, NNCC, WCC, and LLCC." (ECF No. 26-3 at 7.) However, in his First Level Grievance, he compared himself to other administrative segregation inmates at SDCC. He wrote that "[t]his is also an equal protection violation due to the fact that some on ad-seg can order food, hygiene, etc. etc. but I can't because for some reason I'm being retaliated against." (*Id.* at 4.) Thus, Plaintiff changed the nature of his equal protection claim and did not exhaust.

Even if the Court were to also consider Grievance 2006-30-91650 for

purposes of exhaustion, its conclusion would not change. Plaintiff argues that if the Court were to also look at this other grievance, it would find he exhausted an equal protection claim regarding his treatment in administrative segregation. (ECF No. 30 at 13.) However, Grievance 2006-30-91650 solely alleges violations of his due process rights. At the informal level, Plaintiff stated that he was "grieving the fact that when one is on ad-seg pending an NOC but has yet to be found guilty of any institutional violation, he is forced to live under all dis-seg restrictions even though I have never been found guilty of nothing." (ECF No. 26-2 at 17.) Similarly, in his first level grievance, Plaintiff alleged that his "Due Process rights were clearly violated." (*Id.* at 15.) While Plaintiff mentions that the prison violated his equal protection rights in his second level grievance, (*id.* at 3), that does not change the fact that he originally only discussed his due process rights. Thus, this other grievance still does not exhaust an equal protection claim.

Because the Court finds this a sufficient basis to find that Plaintiff did not exhaust the claim in this case, it will not consider the other arguments made in Defendants' Motion for Summary Judgment and will grant summary judgment solely on this basis.

### IV.   CONCLUSION

It is therefore ordered that Defendant's Motion for Summary Judgment (ECF No. 26) is granted.

DATED THIS 23rd day of February 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE